UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| F.G. PINKSTON, | Case No. 2:20-cv-01747-EJY |
| Plaintiff, | |
| v. | **ORDER** |
| ANDREW SAUL, Commissioner of Social Security, | |
| Defendant. | |

Before the Court is Plaintiff F.G. Pinkston's Application for Leave to Proceed *in forma pauperis*. ECF No. 1. Plaintiff, who is proceeding *pro se*, challenges the Social Security Administration's denial of disability benefits on behalf of his minor grandchild, who is only identified throughout the filings as "B.A.P."[1]

**I.     APPLICATION TO PROCEED *IN FORMA PAUPERIS***

Plaintiff submitted the declaration required by 28 U.S.C. § 1915(a) showing an inability to prepay fees and costs or give security for them. Accordingly, Plaintiff's Application for Leave to Proceed *in forma pauperis* (ECF No. 1) is granted.

**II.     SCREENING THE COMPLAINT**

Upon granting a request to proceed *in forma pauperis*, a court must additionally screen the complaint pursuant to 28 U.S.C. § 1915(e). Plaintiff devotes his Complaint to discussing why the Administrative Law Judge's (the "ALJ") dismissal of B.A.P.'s request for administrative hearing was in error. In order to analyze Plaintiff's disagreement with the ALJ's decision, it is necessary to review the timeline of events that brought this action to federal court.

**A.     Background**

Under the Social Security Administration regulations, an individual claiming entitlement to benefits first receives an initial determination. 20 C.F.R. §§ 404.902, 416.1402. If dissatisfied with the initial determination, the claimant may ask for reconsideration. 20 C.F.R. §§ 404.907, 416.1407.

---

[1]     Plaintiff alleges that he and his wife stand in loco parentis to their minor grandchild. ECF No. 1 at 2.

If dissatisfied with reconsideration, the claimant may request a hearing before an ALJ.  20 C.F.R. §§ 404.929, 416.1429.  An ALJ may dismiss a claimant's request for hearing if neither the claimant nor his designated representative appears at the hearing if good cause is not found by the ALJ for the failure to appear.   20 C.F.R. § 416.1457(b)(1)(i).   If the claimant is dissatisfied with the ALJ's dismissal of a hearing request, the claimant may request that the Social Security Administration's Appeals Council review the decision.  20 C.F.R. §§ 404.967, 416.1467.  The Appeals Council may deny the request for review and allow the ALJ's decision to stand as the final decision of the Commissioner or, alternatively, the Appeals Council may grant the request for review and issue its own decision.  20 C.F.R. §§ 404.981, 416.1481.  The Appeals Council's decision, or the decision of the ALJ if the request for review is denied, is binding unless the party files an action in federal district court or the decision is revised.  *Id*.

On June 1, 2018, B.A.P.'s mother, Rachel Pinkston, who was apparently acting as her child's representative at that time, filed a request for an administrative hearing before an ALJ.  ECF No. 1-4 at 4.   Although Plaintiff did not attach copies of the initial disability determination or reconsideration decision, the claimant must have exhausted Plaintiff's administrative remedies prior to requesting a hearing before an ALJ.  20 C.F.R. §§ 404.929, 416.1429.

On July 30, 2019, the Social Security Administration's Hearing Office (the "Hearing Office") mailed Rachel Pinkston a "Notice of Hearing" informing her of the time and place of the scheduled administrative hearing.  ECF No. 1-4 at 4.  The Notice of Hearing contains an explanation of the procedures for requesting a change to the time and place of the hearing, and advises the recipient that failing to appear may result in dismissal of the claimant's request for hearing.  *Id*.  The Notice of Hearing also asks the recipient to confirm receipt by returning an enclosed "Acknowledgement of Receipt" form.  *Id*.  Rachel Pinkston failed to return the Acknowledgement of Receipt.  *Id*.  However, the Hearing Office maintains it attempted to contact Ms. Pinkston, albeit unsuccessfully, as required by 20 C.F.R. § 416.1438.  *Id*.

On October 21, 2019, the Hearing Office mailed Rachel Pinkston a "Notice of Hearing – Important Reminder" advising her to return the Acknowledgement of Receipt and informing her

once more of the time and place of the administrative hearing.  *Id.* at 5.  Rachel Pinkston did not respond to the Reminder Notice.  *Id.*

On October 28, 2019, the Hearing Office called Rachel Pinkston and advised her of the time and place of the scheduled hearing.  *Id.*  In response, Rachel Pinkston claimed she could not attend the hearing because B.A.P. was scheduled for surgery.  *Id.*  The Hearing Office asked Rachel Pinkston to "submit records to verify this claim or the case would go forward as scheduled.  The Hearing Office did not receive records verifying the surgery claim."  *Id.*

Neither B.A.P. nor Rachel Pinkston appeared at the November 4, 2019 administrative hearing before the ALJ.  *Id.*

On November 7, 2019, the Hearing Office mailed a "Notice to Show Cause for Failure to Appear" to Rachel Pinkston.  *Id.*  At some unknown time thereafter, Rachel Pinkston responded with a written explanation for her failure to appear, claiming that she was granted a continuance by a legal assistant at the Hearing Office whom she spoke with over the phone on October 28, 2019.  *Id.*; *see also* ECF No. 1-4 at 22.  Specifically, Rachel Pinkston explains in her written explanation that she called the Hearing Office and spoke to:

> "Dustin" . . . as he coordinates the [c]alendar for [the ALJ].  Please see the attached/enclosed phone call log from my home phone carrier . . . .  During this telephone conversation, I explained the need for a [c]ontinuance.  Dustin informed he wou[ld] go explain the request to [the ALJ], to which after 20 minutes on hold and a return phone call to his extension from my cell phone, Dustin said a [c]ontinuance had been [g]ranted.  Moreover, Dustin informed me: (1) the Hearing would be [c]ontinued until another date[, and] (2) . . . to provide "proof of scheduling" from the hospital when dates are set for [B.A.P.'s] procedure(s).  As I was given these [i]nstructions I took notes which are also attached/enclosed with this response as proof of that conversation that [g]ranted the [c]ontinuance.  I have since completed and returned two forms to your office regarding this matter.

ECF No. 1-4 at 22.

On December 3, 2019, the ALJ issued an Order finding the claimant's representative failed to provide good cause for her failure to appear at the administrative hearing.  *Id.* at 4-5; *see also* C.F.R. § 416.1457(b)(2).  Specifically, the ALJ found that:

> This case has been scheduled twice and both times the claimant's mother claimed they could not attend because of surgery.  They were asked to submit records to verify these claims and these records have never been received by the Hearing Office.  There is no evidence of any surgery taking place.

ECF No. 1-4 at 5.  Accordingly, the ALJ dismissed B.A.P.'s request for hearing and allowed the initial determination by the Social Security Administration to remain in effect.  *Id*.

In his Complaint, Plaintiff alleges the ALJ erred in dismissing the claimant's request for hearing because the legal assistant to whom Rachel Pinkston spoke over the phone advised her that a continuation of the hearing was granted.  ECF No. 1-1 at 3.  Plaintiff contends that:

> A reason this may have happened is miscommunication between [the ALJ] and her male clerk [or legal assistant] who was oddly prevaricate when we spoke with him. He was rather surly.  In fact, he placed us on hold for twenty minutes while he claimed he went to discuss the continuance with the ALJ.  After 20 minutes passed we called him on another line because we suspected something may be amiss.  The clerk answered immediately.  He then told us the judge approved the continuance.

*Id*.  In further support of this claim, Plaintiff provides phone records that show Rachel Pinkston placed two calls to the Hearing Office totaling approximately twenty-and-a-half minutes and two-and-a-half minutes, respectively.  ECF No. 1-4 at 23-24.  In addition, Plaintiff attached an operative report from St. Rose Dominican Hospital documenting claimant's surgical procedure that took place on January 29, 2020.  *Id*. at 25.  As a result of the ALJ's failure to consider the above, Plaintiff maintains B.A.P.'s procedural due process hearing rights were violated.  ECF No. 1-1 at 3.

**B.   Discussion**

1.   The Court is empowered to review the ALJ's dismissal of Plaintiff's request for hearing as Plaintiff has satisfied both jurisdictional requirements of 42 U.S.C. § 405(g).

In *Saephan v. Barnhart*, the United States District Court for the Northern District of California discussed whether an ALJ's good cause determination for a claimant's failure to appear at an administrative hearing is subject to judicial review pursuant to 42 U.S.C. § 405(g).  No. C 01-02660 SI, 2003 WL 22309450, at *3 (N.D. Cal. Oct. 1, 2003).  There, the Social Security Administration argued that the ALJ's good cause determination was made without a hearing and, therefore, it was "not a final decision of the Commissioner made after a hearing" that falls within the purview of judicially reviewable decisions under Section 405(g).  *Id*. (internal citation and quotation marks omitted).

The district court found, however, that Section 405(g)'s hearing requirement is not always enforced.  *Id*., *citing Matthews v. Eldridge*, 424 U.S. 319 (1976) and *Weinberger v. Salfi*, 422 U.S.

4

749 (1975).  The court in *Saephan* explained that there are two conditions for judicial review under Section 405(g): the first requirement, which is not waivable, is that plaintiff presents his or her claim for benefits to the Commissioner; the second requirement, which is subject to waiver, asks the plaintiff to exhaust administrative remedies prior to seeking judicial review.  2003 WL 22309450, at *4.  The plaintiff in *Saephan* met the first requirement for judicial review by presenting the merits of his disability benefits claim to the Commissioner, who in turn rendered a final decision on the merits of the plaintiff's claim and on his right to a hearing before an ALJ.  *Id.*  The plaintiff satisfied the second requirement for review by pursuing "every available administrative avenue to overturn the dismissal.  The Secretary's decision on this issue is final.  That the Secretary denied a hearing should not prevent judicial review where, as here, the Secretary's denial appears to have failed to consider whether plaintiff had good cause for missing the hearing."  *Id.* (internal citation omitted).  Thus, the court concluded judicial review of the ALJ's denial of plaintiff's request for hearing was proper because Section 405(g) was satisfied.  *Id.*  The district court ultimately remanded the case to allow the Commissioner to determine whether the plaintiff demonstrated good cause for his failure to appear at the administrative hearing.  *Id.* at *5.  The court ordered the Commissioner to grant a new administrative hearing if good cause for the claimant's failure to appear at the original hearing was found, and noted that the merits of plaintiff's underlying claim for benefits would become reviewable following the outcome of the hearing.  *Id.*

In this case, Plaintiff met the first jurisdictional requirement of Section 405(g) by presenting the merits of his disability claim to the Commissioner, who in turn rendered a final decision on the merits of Plaintiff's claim and on his right to a hearing before an ALJ.  Plaintiff also satisfied the second jurisdictional requirement by exhausting his administrative remedies.  As stated, Plaintiff must have received an initial determination and reconsideration to request a hearing before an ALJ. 20 C.F.R. §§ 404.929, 416.1429.  After his request for hearing was dismissed, Plaintiff asked the Appeals Council to review the ALJ's decision.  20 C.F.R. §§ 404.967, 416.1467.  As the Appeals Council denied Plaintiff's request for review, the ALJ's decision to dismiss Plaintiff's request for hearing and to allow the initial disability determination to remain in effect became the final decision

of the Commissioner.  20 C.F.R. §§ 404.981, 416.1481.  Plaintiff has, therefore, exhausted all available administrative remedies in overturning the dismissal of his request for hearing.

Accordingly, this Court is authorized to review the Commissioner's decision as both jurisdictional requirements of 42 U.S.C. § 405(g) are satisfied.

> 2. <u>Remanding this case to the Commissioner is warranted because it is unclear whether Plaintiff's representative demonstrated good cause for her failure to appear at the administrative hearing.</u>

Based on the limited record evidence, the Court is unable to determine whether Rachel Pinkston demonstrated good cause for her failure to appear on the claimant's behalf at the administrative hearing.  It is true that Rachel Pinkston failed to return the Acknowledgement of Receipt of the Notice of Hearing on two separate occasions.  ECF No. 1-4 at 4-5.  However, there is no evidence in the record to suggest the ALJ considered the phone records Rachel Pinkston states she attached to her written response to the Notice to Show Cause for Failure to Appear, which arguably document her attempts to reschedule the administrative hearing with the Hearing Office. *Id*. at 22.  Nor is there any evidence in the record to suggest that the Hearing Office or the ALJ reviewed the operative report from St. Rose Dominican Hospital, although the date B.A.P.'s surgery took place differs from the date of the scheduled hearing. *Compare id*. at 25 (date of procedure listed as "01/29/2020") *with id*. at 22 (hearing scheduled for "11/04/2019").  In any event, based on the limited information presented, this Court cannot determine whether Plaintiff's representative demonstrated good cause for her failure to appear at the originally scheduled administrative hearing.

Accordingly, the Court remands this case for the Commissioner to consider whether Plaintiff's representative demonstrated good cause for her failure to appear at the November 4, 2019 administrative hearing.  If good cause is found, Plaintiff must be granted a new administrative hearing before an ALJ.  The merits of Plaintiff's underlying claim for disability benefits will become reviewable following the outcome of that hearing.

**III.   ORDER**

Accordingly,

IT IS HEREBY ORDERED that Plaintiff's Application for Leave to Proceed *in forma pauperis* (ECF No. 1) is GRANTED.

1    IT IS FURTHER ORDERED that Plaintiff's Complaint is DISMISSED **without prejudice**,

2  and this case is REMANDED to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g)

3  for a "good cause" hearing concerning B.A.P.'s representative's failure to appear at the

4  administrative hearing scheduled on or about November 4, 2019.

5    IT IS FURTHER ORDERED that the Clerk of Court is instructed to close this case and enter

6  judgment accordingly.

7    DATED THIS 8th day of October, 2020.

8

9                                                        ELAYNA J. YOUCHAH
10                                                        UNITED STATES MAGISTRATE JUDGE