UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| F.G. PINKSTON,<br><br>    Plaintiff,<br><br>v.<br><br>ANDREW SAUL, Commissioner of Social Security,<br><br>    Defendant. | Case No. 2:20-cv-01747-EJY<br><br>**ORDER** |

Before the Court is Specially-Appearing Defendant's Motion for Relief from a Final Judgment and Order Pursuant to Federal Rule of Civil Procedure 60(b).[1] ECF No. 8. Defendant requests the Court vacate its prior Orders remanding this action to the Commissioner for a "good cause" hearing concerning the Claimant's representative's failure to appear at an administrative hearing (ECF No. 3 or the "Remand Order") and denying Plaintiff's Motion for Order to Show Cause as moot (ECF No. 6 or the "OSC Order"), because the Commissioner was not properly served and given an opportunity to respond before judgment was entered. ECF No. 8 at 3. Defendant also asks the Court to set aside the Judgment (ECF No. 4) remanding this case as void on the same basis. *Id*.

Fed. R. Civ. P. 60(b)(4) and (6) provide that the "[C]ourt may relieve a party or its legal representative from a final judgment, order, or proceeding . . . [if] the judgment is void" or for "any other reason that justifies relief." A district court is "without its normal discretion to grant or deny the [Rule 60(b)] motion" and must set aside a final judgment as void if it lacks jurisdiction over the parties. *S.E.C. v. Internet Solutions for Bus. Inc.*, 509 F.3d 1161, 1165 (9th Cir. 2007). Further, when "judgment is entered against an entity never properly served as a party to the case, the judgment is 'void' within the meaning of Rule 60(b)(4)." *Shank/Balfour Beatty, a Joint Venture of M.L. Shank, Co., Inc., Balfour Beatty Constr. v. Int'l Bhd. Of Elec. Workers Local 99*, 497 F.3d 83, 94 (1st Cir. 2007) (internal citation omitted); *see also Mason v. Genisco Tech. Corp.*, 960 F.2d 849, 851 (9th

---

[1] Defendant filed his Motion for the "limited purpose of addressing various orders issued by this Court prior to proper service . . . . As such, the Commissioner does not enter an appearance, waive service, or otherwise concede jurisdiction." ECF No. 8 at 2.

Cir. 1992) ("A person is not bound by a judgment in a litigation to which he or she has not been made a party by service of process.") (internal citation omitted).  In sum, "[w]ithout a proper basis for jurisdiction, or in the absence of proper service of process, the district court has no power to render any judgment against the defendant[] . . . unless the defendant has consented to jurisdiction or waived the lack of process."  *S.E.C. v. Ross*, 504 F.3d 1130, 1138-39 (9th Cir. 2007) (internal citations omitted).

Here, there is no dispute that the Commissioner was not properly served prior to the Court's issuance of the Remand and OSC Orders, as well as the entry of Judgment.  Further, the Commissioner has not waived service; nor has he conceded jurisdiction in this matter.  ECF No. 8 at 5.  Thus, the Court vacates that portion of its Remand Order dismissing Plaintiff's Complaint, remanding this case to the Commissioner for a "good cause hearing" pursuant to sentence four of 42 U.S.C. § 405(g), and instructing the Clerk of Court to close this case and enter judgment.  ECF No. 3 at 7.  The Court also vacates its OSC Order (ECF No. 6), and sets aside the Judgment remanding this case to the Commissioner (ECF No. 4) as void.

Accordingly,

IT IS HEREBY ORDERED that the Specially-Appearing Defendant's Motion for Relief from a Final Judgment and Order Pursuant to Federal Rule of Civil Procedure 60(b) (ECF No. 8) is GRANTED.

IT IS FURTHER ORDERED that the Court's Order at ECF No. 3 is VACATED to the extent it dismissed Plaintiff's Complaint, remanded the case to the Commissioner for a "good cause hearing" pursuant to sentence four of 42 U.S.C. § 405(g), and instructed the Clerk of Court to close this case and enter judgment.

IT IS FURTHER ORDERED that the Court's Order at ECF No. 6 denying Plaintiff's Motion for Order to Show Cause as moot is VACATED.

IT IS FURTHER ORDERED that the Judgment at ECF No. 4 remanding this case to the Commissioner is SET ASIDE as void.

IT IS FURTHER ORDERED that Plaintiff's Complaint (ECF No. 1-1) **shall** proceed against Defendant.

IT IS FURTHER ORDERED that the Clerk of the Court **shall** separate and file Plaintiff's Complaint (ECF No. 1-1).

IT IS FURTHER ORDERED that the Clerk of the Court **shall** serve the Commissioner of the Social Security Administration by sending a copy of the Summons and Complaint by certified mail to:  (1) Office of the Regional Chief Counsel, Region IX, Social Security Administration, 160 Spear Street, Suite 800, San Francisco, CA 94105, and (2) the Attorney General of the United States, Department of Justice, 950 Pennsylvania Ave. NW, Washington DC 20530.

IT IS FURTHER ORDERED that the Clerk of the Court **shall** issue a Summons to the United States Attorney for the District of Nevada, and deliver the Summons and Complaint to the U.S. Marshal for service.

IT IS FURTHER ORDERED that Defendant **shall** have **sixty (60) days** from the date of service to file his answer or responsive pleading to Plaintiff's Complaint in this case.

IT IS FURTHER ORDERED that if Plaintiff intends to request a remand of this case on the basis of new medical evidence, **Plaintiff shall, within thirty (30) court days of the filing of Defendant's answer or responsive pleading**, file a motion to remand in this Court based on new evidence.  The new evidence shall be attached to the motion.  A copy of the motion and medical evidence shall be served on:

> United States Attorney
> 501 Las Vegas Boulevard South, Suite 1100
> Las Vegas, NV 89101

In the event Plaintiff files a motion for remand on the basis of new evidence, **Defendant shall have thirty (30) court days from the date of service of such motion to file either a notice of voluntary remand of the case or points and authorities in opposition to Plaintiff's motion.** If Defendant files points and authorities in opposition, **Plaintiff shall have twenty (20) court days from the date of service of such points and authorities to file a reply.**

Pursuant to 42 U.S.C. § 405(g), remand for reconsideration of new evidence will not be granted unless the evidence is new material and there is a showing of good cause for failure to incorporate the evidence into the record at an earlier stage.  Therefore, if Plaintiff seeks remand for

1  consideration of new evidence, the motion shall include a statement of reasons why the new evidence
2  was not incorporated into the record at an earlier stage.

3  **If Plaintiff does not file a motion to remand on the basis of new medical evidence,**
4  **Plaintiff shall, within thirty (30) court days of the filing of Defendant's answer or responsive**
5  **pleading, file with this Court a motion for reversal and/or remand.**

6  Whenever Plaintiff files a motion for reversal and/or remand, which includes issues based
7  on the administrative record, Plaintiff's motion shall include:

8      a. A specification of each and every condition or ailment, or combination
9      thereof, that allegedly renders Plaintiff disabled and is allegedly supported by evidence
10     contained in the administrative record.

11     b. A complete summary of all medical evidence in the record that supports
12     Plaintiff's claim of disability due to each condition or ailment specified in subparagraph 6a
13     above, with precise references to the applicable portions of the record.  This summary shall
14     not include medical evidence unrelated to the conditions or ailments upon which Plaintiff's
15     claim or claims of disability are based.  It shall be sufficient compliance with this
16     subparagraph if Plaintiff shall stipulate that the Administrative Law Judge fairly and
17     accurately summarized the evidence contained in the administrative record.

18     c. With respect to each condition or ailment specified in subparagraph 6a above,
19     a complete but concise statement as to why the record does not contain substantial evidence
20     to support Defendant's conclusion that Plaintiff is not disabled by each such condition or
21     ailment, or combination thereof.

22 If Defendant has not filed a notice of voluntary remand and the issues in question relate to
23 the administrative record, Defendant, within **thirty (30) court days** after being served with
24 Plaintiff's motion for reversal and/or remand, shall file a cross-motion to affirm which will be
25 considered an opposition to Plaintiff's motion.  This motion shall include:

26     a. With respect to each disabling condition or ailment specified by Plaintiff, a
27     complete summary of all medical evidence in the record that Defendant contends constitutes
28     substantial evidence to support the administrative determination that Plaintiff is not entitled

4

to the benefits in question. This summary shall not include medical evidence unrelated to conditions or ailments upon which Plaintiff's claim or claims of disability are based. It shall be sufficient compliance with this subparagraph if Defendant shall stipulate that the Administrative Law Judge fairly and accurately summarized the evidence contained in the record.

      b.     With respect to each disabling condition or ailment specified by Plaintiff, a complete summary of all testimony adduced at the administrative hearing, including the Administrative Law Judge's findings, if any, concerning the credibility of witnesses, which Defendant contends constitutes substantial evidence to support the administrative determination that Plaintiff is not entitled to the benefits in question. It shall be sufficient compliance with this subparagraph if Defendant shall stipulate that the Administrative Law Judge fairly and accurately summarized the testimony adduced at the administrative hearing.

      c.     A statement as to whether there are any inaccuracies in the summaries filed by Plaintiff. If Defendant believes Plaintiff's summaries are inaccurate, Defendant shall set forth what additions or corrections are required (with appropriate references to the record) in order to make the summaries accurate.

      d.     The lay definitions of all medical terms contained in the record necessary to be understood in order to determine whether the Administrative Law Judge's decision is supported by substantial evidence.

The motions filed by Plaintiff and Defendant pursuant to this Order shall also contain appropriate points and authorities dealing with the specific legal issues involved in this case, rather than principles of law applicable to Social Security cases in general.

Plaintiff shall be deemed to have agreed to the accuracy of the summaries supplied by Defendant in response to subparagraphs 7a and 7b of this Order, and to all definitions of medical terms supplied by Defendant with respect to subparagraph 7d of this Order, unless within **twenty (20) court days** after being served with Defendant's motion to affirm, Plaintiff files and serves a reply or reply brief setting forth:

      a.     In what manner the summaries are inaccurate;

5

      b.      What additions or corrections are required (with appropriate references to the record) in order to make the summaries accurate; and/or

      c.      Any definitions of the medical terms that Plaintiff contends are more accurate than the definitions supplied by Defendant.

The motions filed by both Plaintiff and Defendant shall also contain the following:

      a.      A statement as to whether the transcript of the administrative hearing can be adequately comprehended in spite of the fact that such transcript may contain the words "inaudible" or "unintelligible" in one or more places, and specifying each page, if any, in which testimony relating to the particular issues of this case cannot be adequately comprehended.

      b.      A specification of each page in the administrative record that is partially or totally illegible, and a statement as to whether each such illegible page contains information relevant to an understanding of any issue presented in this case.

Oral argument shall be deemed waived and the case shall stand submitted unless argument is ordered by the Court or requested, pursuant to Local Rule 78-1, by one of the parties within **ten (10) court days** following the filing of the last document required by this Court. Even if one or both of the parties requests oral argument, the final decision as to whether oral argument is warranted remains with the Court.

The failure of a party to file a motion or points and authorities required by this Order may result in dismissal of the action or reversal of the decision of the Commissioner of Social Security.

IT IS FURTHER ORDERED that, going forward, **Plaintiff shall serve upon Defendant a copy of every pleading, motion, or other document submitted for consideration by the Court.** Plaintiff shall include with the original paper submitted for filing a certificate stating the date that a true and correct copy of the document was mailed to Defendant. The Court may disregard any paper received by a district judge, magistrate judge, or the Clerk of the Court which fails to include a certificate of service.

IT IS FURTHER ORDERED that the Clerk of the Court is directed to REOPEN this case for further proceedings consistent with this Order.

DATED THIS 8th day of December, 2020.

ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE